**MEYNER AND LANDIS LLP**
One Gateway Center, Suite 2500
Newark, New Jersey 07102
Direct Dial: (973) 602-3460 * Fax (973) 624-0356
Email: jmccarthy@meyner.com
Joseph R. McCarthy, Esq. (JRM 6149)
Attorneys for Plaintiff, Maid In Hoboken, LLC t/a
Maid In Hoboken

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAID IN HOBOKEN, LLC, trading as MAID IN HOBOKEN, <br><br> Plaintiff, <br><br> vs. <br><br> M.I.M.C. JANITORIAL, LLC, trading as MAID IN RALEIGH, THE GODADDY GROUP, INC., GODADDY.COM, INC., a wholly owned subsidiary of THE GODADDY GROUP, INC., JOHN DOES 1-50 and ABC Companies 1-50 (fictitious names), <br><br> Defendants. | *Civil Action No.* <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Maid In Hoboken, LLC t/a Maid In Hoboken ("**Plaintiff**") by and through its undersigned counsel, by way of a complaint against the Defendants, M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, The GoDaddy Group, Inc., GoDaddy.com, Inc., and John Does 1-50 and ABC Companies 1-50, says as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is an action for trade name and service mark infringement, unfair competition, and dilution of trade name and service mark arising under the Lanham Act, 15

U.S.C.A. §§ 1051 to 1127 and other causes of action under the common law of the State of New Jersey.

2.      Plaintiff is a New Jersey Limited Liability Company located at 727 Monroe Street Commercial Unit A, New Jersey 07030 and does business under the name Maid In Hoboken.

3.      Upon information and belief, M.I.M.C. Janitorial, LLC is a limited liability company organized and existing by virtue of the laws of the State of North Carolina, with an address of 3311 Archdale Drive, Raleigh, North Carolina 27614, which does business under the trade name Maid In Raleigh (hereinafter referred to as "**Maid In Raleigh**"), and through its agents, employees, representatives and officers participated in the actions which give rise to this litigation. See **Exhibit A.**

4.      Defendant The GoDaddy Group, Inc. ("**GoDaddy Group**") is a corporation organized and existing by virtue of the laws of the State of Arizona, with an address of 14455 North Hayden Road, Suite 219, Scottsdale, AZ 85260.  Said defendant has been doing business in the State of New Jersey.  Service of process may be made by serving their Registered Agent at 14455 North Hayden Road #219, Scottsdale, AZ 85260.

5.      Defendant GoDaddy.com, Inc. ("**GoDaddy.com**") (and together with GoDaddy Group shall be referred to as the "**GoDaddy Defendants**") is a corporation organized and existing by virtue of the laws of the State of Arizona, with an address of 14455 North Hayden Road, Suite 219, Scottsdale, AZ 85260.  Said defendant has been doing business in the State of New Jersey.  Service of process may be made by serving their Registered Agent at 14455 North Hayden Road #219, Scottsdale, AZ 85260.

6.      GoDaddy.com, Inc. is the world's largest domain name registrar and is the flagship company of The GoDaddy Group, Inc.

7.      GoDaddy.com, Inc. is a wholly owned subsidiary of The GoDaddy Group, Inc.

8.      Defendants, John Does 1-50 and ABC Companies 1-50 are fictitious names for the unidentified persons or entities who participated in the action which give rise to this litigation, aided and abetted defendants in the infringement of the trademark and service mark at issue herein and the violations of Plaintiff's intellectual property rights, and are presently unknown to Plaintiff pending further investigation and discovery.

9.      Subject matter jurisdiction is based on 15 U.S.C.A. § 1121, 28 U.S.C.A. §§ 1331, and 1338 and the principles of supplemental jurisdiction under 28 U.S.C.A 1367.

10.     Subject matter jurisdiction is also based on 28 U.S.C.A. § 1332(a) in that the parties are citizens of different States and the amount in controversy exceeds the sum $75,000.00, exclusive of costs and interest.

11.     Venue is proper in this district pursuant to 28 U.S.C.A. §§ 1391(b) and 1391(c) because Defendants are doing business and resides in this district and a substantial part of the events described occurred in this district.

## FACTS COMMON TO ALL COUNTS

### (Maid In Hoboken Trademark and Service Marks)

12.     Plaintiff incorporates paragraphs 1-11 herein as if repeated at length.

13.     Continuously since 2013 and prior to the acts of Defendants alleged here, Plaintiff has operated and continues to operate a residential cleaning business in Hoboken, New Jersey doing business under the trade name Maid In Hoboken.

14. Plaintiff is the owner of the federally registered trademark and service mark for Maid In Hoboken, Registration No. 4,517,715 dated April 22, 2014 covering the use of the inherently distinctive Maid In Hoboken mark. See **Exhibit B.**

15. Maid In Hoboken's trademark and service mark has been registered with the United States Patent and Trademark Office and is valid, existing and in full force and effect.

16. Plaintiff's ownership and exclusive right to use the Maid In Hoboken marks are incontestable in accordance with 15 U.S.C.A. § 1065.

17. Plaintiff is the registered owner of the trade name Maid In Hoboken in the State of New Jersey.

18. Plaintiff is also the registered owner of the domain name www.maidinhoboken.com which it acquired from the GoDaddy Defendants.

19. As part of its cleaning business, Plaintiff prominently uses and displays its federally registered trademark and service mark, its domain name www.maidinhoboken.com and its trade name consisting of the Maid In Hoboken Trademark and Service Mark (hereinafter the "**Maid In Hoboken Trademark and Service Marks**").

20. Plaintiff has continuously, exclusively and extensively used the Maid In Hoboken Trademark and Service Marks since 2013 in connection with a variety of goods and services its provides to the consuming public.

21. Moreover, Plaintiff has continuously expended substantial resources to market, advertise and promote its Maid In Hoboken Trademark and Service Marks in a variety of media including, without limitation, print media and Internet.

22. At great time, cost and expense, Plaintiff created, developed, and maintained a website on the Internet where is prominently displays and uses its federally registered trademark

and service mark (the "**Website**") which is accessible through its domain name.

23.     Among other things, the Website is interactive and carefully designed to suit Plaintiff's business which relies heavily upon the Internet.

24.     Plaintiff's Website includes a comprehensive description of the services provided with links to specific web-pages to request quotes, to read testimonials and customer guidelines, to watch video of a cleaning, and to request additional information regarding all available products and services.

25.     There are also links for realtors and a link for "Friends of Maid In Hoboken" which allows local businesses free advertising on Plaintiff's Website with a link to their respective websites. Select portions of the web-site are  attached hereto as **Exhibit C.**

26.     Plaintiff also designed and created a unique business logo using the Maid In Hoboken Trademark and Service Mark which includes the word "Maid" over the words "In Hoboken".  The "i" in "Maid" depicts a soap bottle with three (3) bubbles rising in the air (hereinafter the "**Logo**"). See **Exhibit D.**  The font, coloring and design of the Logo were selected and created exclusively by Plaintiff.

27.     Plaintiff also created a unique slogan or phrase on its Website entitled "Let's Talk Dirty" with a link to a blog that includes guest posts from various individuals containing helpful cleaning hints and ideas (the "**Slogan**").

28.     Building upon the wide recognition and goodwill arising from its use of its Maid In Hoboken Trademark and Service Mark, Plaintiff has sold or distributed itself and through its licensees, a broad line of cleaning products under the trademark Maid In Hoboken which contain the Maid In Hoboken Trademark and Service Mark.

29.     The Maid In Hoboken Trademark and Service Mark has acquired such goodwill

and secondary meaning that the public has come to associate the Maid In Hoboken Trademark and Service Mark exclusively with Plaintiff.

30.     Plaintiff's goods and services have been publicized in connection with the Maid In Hoboken Trademark and Service Mark and by virtue of its promotion, advertising and continuous use, Plaintiff has acquired fame and valuable reputation in connection with the Maid In Hoboken brand.

31.     The Maid In Hoboken Trademark and Service Mark have acquired enormous value and have become known to the consuming public and the trade as identifying Plaintiff's goods and services.

**Defendants' Violation of The Maid In Hoboken Trademark and Service Mark**

32.     Upon information and belief, defendant Maid In Raleigh commenced business operations as a cleaning business in or about July 2014.

33.     On or about January 5, 2015, Plaintiff discovered a web-site maintained by defendant Maid In Raleigh that is accessible using the domain name www.maidinraleigh.com which domain name it also acquired from GoDaddy.com.

34.     A review of defendant Maid In Raleigh's web-site reveals that said defendant unlawfully and without the consent of Plaintiff copied and used nearly every aspect of Plaintiff's Website to create its own website with the intention and purpose of trading on the valuable good will and creative design associated with the Maid In Hoboken Trademark and Service Mark.

35.     Maid In Raleigh has used created an identical Logo as Plaintiff with the exception of modifying "In Hoboken" to "In Raleigh". See **Exhibit E.**

36.     A review of the logo contained on defendants' web-site reveals that the "Maid" portion of Maid In Raleigh's logo is identical in font, style, and coloring to Plaintiff's Logo.

37.    Maid In Raleigh's logo also depicts a soap bottle for the "i" in "Maid" with three soap bubbles rising in the air.

38.    Moreover, Maid In Raleigh blatantly plagiarized and copied verbatim various content contained in Plaintiff's Website. See **Exhibit F.**

39.    For example, on the home page of Plaintiff's Website it states as follows:

Trust us, we get it — you want to relax and play more. Washing the floors, cleaning the kitchen and vacuuming weekly just don't fit into the game plan. We have a simple solution for you to feel more relaxed, enjoy more free time and obtain peace of mind. Allow Maid in Hoboken's cleaning services to help your home stay clean.

Mix and match our  Hoboken cleaning services packages, from a routine house cleaning or a deep house cleaning, to create your ideal clean home. The Maid in Hoboken team will hunt down the dust bunnies in the furthest corners of rooms and scrub bathroom tiles, showers and fixtures until they shine like diamonds. Our Hoboken cleaning service rates are affordable, our maids are reliable and dependable and the cleaning services are backed by our 100% satisfaction guarantee. If you are in need of a cleaning company in Hoboken, Maid in Hoboken are the maids you should turn to for a clean and happy house.

See **Exhibit C.**

40.    Maid In Raleigh includes the same exact language word for word on the home page of its website located at domain name www.maidinraleigh.com with the exception of inserting Raleigh for Hoboken.

41.    Moreover, the layout and content contained in Maid In Raleigh's website is virtually identical to the layout and content in Plaintiff's Website.

42.    Maid In Raleigh's web-site also includes links to request quotes, to read testimonials and customer guidelines, to watch video of a cleaning, and to request additional information regarding all available products and services.

43.    Maid In Raleigh' website also includes a link for realtors and a link to a page called "Friends of Maid In Raleigh" which allows businesses to advertise on defendants'

7

website. Select portions of the web-site are attached hereto as **Exhibit F.**

44.     Amazingly, defendant's site also contains a link entitled "Let's Talk Dirty" which consists of a blog for people to post helpful cleaning tips.

45.     On information and belief, defendant Maid In Raleigh was aware of Plaintiff's prior use and ownership of the Maid In Hoboken Trademark and Service Marks at all pertinent times before Maid In Raleigh commenced business operations.

46.      In willful disregard of Plaintiff's rights to a federally registered trademark and service mark, defendant Maid In Raleigh, at the direction of its principals, officers, members, and agents, caused Plaintiff's entire Website to be copied and then replicated on its own website using the domain name www.maidinraleigh.com with the intention and purpose of trading on the valuable good will associated with Plaintiff, its service mark, trademark and trade name.

47.     Maid In Raleigh has adopted a confusingly similar name and mark which was first designed and used by Plaintiff.

48.     Maid In Raleigh has replicated in substantial detail the unique and distinctive visual presentation of Plaintiff's Logo including the font, size, coloring and design.

49.     Maid In Raleigh has plagiarized word for word entire portions of content on Plaintiff's Website.

50.     Maid In Raleigh has replicated the unique layout and content of Plaintiff's Website which was the product of Plaintiff's innovation and intellectual property.

51.     Upon information and belief, Maid In Raleigh undertook the infringing activities for profit, as a business venture.

52.     Maid In Raleigh is not now and has never been authorized by Plaintiff, and is not now and has never been entitled to use the Plaintiff's federally registered trademark in connection

8

with any business or service.

53.     Plaintiff has been and continues to be injured by Maid In Raleigh's unlawful acts within the State of New Jersey and within this judicial district.

54.     Plaintiff's counsel has attempted unsuccessfully to communicate via telephone with Maid In Raleigh's representative but has made a written demand that Maid In Raleigh discontinue and cease the infringement and acts complained of, but Maid In Raleigh has ignored Plaintiff's requests.  See **Exhibit G.**

55.     Upon information and belief, Defendants have performed the acts complained of willfully and with knowledge of the infringement that they would cause, and with intent to cause, confusion, mistake or deception, and to appropriate and unfairly trade upon Plaintiff's goodwill in the Maid In Hoboken Trademark and Service Marks.

## COUNT ONE

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. § 1114)

56.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 55 as if fully set forth here.

57.     The above-mentioned acts of Defendants constitute willful and deliberate infringement of Plaintiff's federally registered service marks and trademarks in violation of § 32(1) of the Trademark Act of 1946, as amended, 15 U.S.C.A. § 1114.

58.     Upon information and belief, the above-mentioned acts were undertaken willfully with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff and the Maid In Hoboken Trademark and Service Marks.

59.     Defendant's replication of Plaintiff's company Logo, replication of the design and layout of Plaintiff's Website, copying of content from Plaintiff's Website verbatim, and other infringing activities were made without Plaintiff's permission, license, or consent.

60.     Plaintiff has objected to Defendant's continued infringement but Defendant has intentionally ignored such demands, intending to trade on the goodwill associated with the Maid In Hoboken Trademark and Service Marks.

61.     Defendant's marks are likely to cause confusion, mistake, or deception with regard to the origin of such goods and services and to confuse, mislead, and deceive members of the public into believing that Plaintiff allowed, sponsored, approved or license Defendant to provide similar services, or in some way connected to or affiliated with Plaintiff, when in fact it is not.

62.     By reason of the acts of Defendants alleged here, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless Defendants are restrained from continuing its wrongful acts, the damage to Plaintiff will increase.

63.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the following relief against M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, jointly and severally:

1.     An order declaring that Maid In Raleigh's unauthorized conduct violates the Lanham Act, 15 U.S.C.A. § 1114.

2.     An order permanently enjoining and restraining Maid In Raleigh and those in active concert and participation with Maid In Raleigh from:

a. Further infringing and/or making any use of Plaintiff's federally registered trademarks and service marks, or any mark confusingly similar to advertise, promote, display or sell any good or service;

b. Making any use of the domain name or any domain name confusingly similar

to the Maid In Hoboken Trademark and Service Marks;

c. Making any use of the corporate name "Maid In Raleigh" or any corporate name confusingly similar to the Maid In Hoboken Trademarks;

d. Registering any trademarks, domain names, trade names or corporate names consisting of, in whole or in part, the Maid In Hoboken Trademark and Service Marks, or any word or mark confusingly similar to them;

e. Representing or suggesting to any third party that Maid In Raleigh is affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff or the Maid In Hoboken Trademarks; and

f. Otherwise unfairly competing with Plaintiff;

3.      An order compelling Maid In Raleigh to transfer registration of the domain name www.maidinraleigh.com and any other domain names consisting of, in whole or in part, the Maid In Hoboken Trademark and Service Marks to Plaintiff;

4. An order compelling Maid In Raleigh to remove all signs, and to recall all copies of print media, press releases, promotions, or advertisements in Maid In Raleigh's control bearing the Maid In Hoboken Trademark and Service Marks, and all related goods and services and/or materials, pursuant to 15 U.S.C.A. § 1118;

5. An order directing any other relief that the court may deem appropriate to prevent the public from deriving any erroneous impression that any goods and services offered by Maid In Raleigh are authorized by Plaintiff or are in any way related to Plaintiff and Plaintiff's goods and services;

6. An order directing an accounting and judgment be rendered against Maid In Raleigh for:

a. An award of profits received by Maid In Raleigh from its misuse of the Maid In Hoboken Trademark and Service Marks, as provided for in 15 U.S.C.A. § 1117;

b.  All profits received by Maid In Raleigh and all damages sustained by Plaintiff on account of Maid In Raleigh's false suggestion or connection with Plaintiff through the use of the Maid In Hoboken Trademark and Service Marks;

11

c.   An award of damages to Plaintiff for Maid In Raleigh's wrongful conduct, including treble damages for Maid In Raleigh's intentional and willful conduct pursuant to 15 U.S.C.A. § 1117;

d.   An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C.A. § 1114.

7. Any other relief that the court finds just and equitable.

## COUNT TWO

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

## (15 U.S.C.§ 1125(a))

64.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 63 as if fully set forth here.

65.    Maid In Raleigh's use, reproduction, copying and colorable imitation of Plaintiff's registered trademarks and service marks in connection with the sale, offering for sale, distribution, or advertising of goods and/or services is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of the services rendered and goods sold by Maid In Raleigh.

66.    Purchasers are likely to believe that Maid In Raleigh's goods and/or services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Plaintiff.

67.    The confusion, mistake or deception referred to herein arises out of the above-mentioned acts of Maid In Raleigh which constitute false designation of origin and unfair competition in violation of § 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C.A. § 1125(a).

68.  By reason of the acts of Maid In Raleigh alleged here, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless Maid In Raleigh is restrained from continuing these wrongful acts, the damage to Plaintiff will increase.

69.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the following relief against M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, jointly and severally:

1.  An order declaring that Maid In Raleigh's unauthorized conduct violates the Lanham Act, 15 U.S.C.A. § 1125(a).

2.  An order permanently enjoining and restraining Maid In Raleigh and those in active concert and participation with Maid In Raleigh from:

a. Further infringing and/or making any use of Plaintiff's federally registered trademarks and service marks, or any mark confusingly similar to advertise, promote, display or sell any good or service;

b. Making any use of the domain name or any domain name confusingly similar to the Maid In Hoboken Trademark and Service Marks;

c. Making any use of the corporate name "Maid In Raleigh" or any corporate name confusingly similar to the Maid In Hoboken  Trademarks;

d. Registering any trademarks, domain names, trade names or corporate names consisting of, in whole or in part, the Maid In Hoboken Trademark and Service Marks, or any word or mark confusingly similar to them;

e. Representing or suggesting to any third party that Maid In Raleigh is affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff or the Maid In Hoboken  Trademarks; and

f. Otherwise unfairly competing with Plaintiff;

3.  An order compelling Maid In Raleigh to transfer registration of the domain name www.maidinraleigh.com and any other domain names consisting of, in whole or in part, the Maid In Hoboken Trademark and Service Marks to Plaintiff;

4. An order compelling Maid In Raleigh to remove all signs, and to recall all copies of print media, press releases, promotions, or advertisements in Maid In Raleigh's control bearing the Maid In Hoboken Trademark and Service Marks, and all related goods and services and/or materials, pursuant to 15 U.S.C.A. § 1118;

5. An order directing any other relief that the court may deem appropriate to prevent the public from deriving any erroneous impression that any goods and services offered by Maid In Raleigh are authorized by Plaintiff or are in any way related to Plaintiff and Plaintiff's goods and services;

6. An order directing an accounting and judgment be rendered against Maid In Raleigh for:

    e.  An award of profits received by Maid In Raleigh from its misuse of the Maid In Hoboken Trademark and Service Marks, as provided for in 15 U.S.C.A. § 1117;

    f.  All profits received by Maid In Raleigh and all damages sustained by Plaintiff on account of Maid In Raleigh's false suggestion or connection with Plaintiff through the use of the Maid In Hoboken Trademark and Service Mark;

    g.  An award of damages to Plaintiff for Maid In Raleigh's wrongful conduct, including treble damages for Maid In Raleigh's intentional and willful conduct pursuant to 15 U.S.C.A. § 1117;

    h.  An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C.A. § 1114.

7. Any other relief that the court finds just and equitable.

14

## COUNT THREE

## DILUTION UNDER SECTION 43(c) OF THE LANHAM ACT

### (15 U.S.C. § 1125(c))

70.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 69 as if fully set forth here.

71.     Maid In Raleigh's willful and unauthorized use of Plaintiff's famous federally registered trademark will tend to and does dilute the distinctive quality of such marks and will diminish and destroy the public association of such marks with Plaintiff in violation of 15 U.S.C.A. § 1125(c).

72.     By reason of the acts of Maid In Raleigh alleged here, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless Maid In Raleigh is restrained from continuing its wrongful acts, the damage will be increased.

73.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the following relief against M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, jointly and severally:

1.     An order declaring that Maid In Raleigh's unauthorized conduct violates the Lanham Act, 15 U.S.C.A.§ 1125(c).

2.     An order permanently enjoining and restraining Maid In Raleigh and those in active concert and participation with Maid In Raleigh from:

a. Further infringing and/or making any use of Plaintiff's federally registered trademarks and service marks, or any mark confusingly similar to advertise, promote, display or sell any good or service;

b. Making any use of the domain name or any domain name confusingly similar to the Maid In Hoboken Trademark and Service Marks;

c. Making any use of the corporate name "Maid In Raleigh" or any corporate name confusingly similar to the Maid In Hoboken Trademarks;

d. Registering any trademarks, domain names, trade names or corporate names consisting of, in whole or in part, the Maid In Hoboken Trademark and Service Marks, or any word or mark confusingly similar to them;

e. Representing or suggesting to any third party that Maid In Raleigh is affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff or the Maid In Hoboken Trademarks; and

f. Otherwise unfairly competing with Plaintiff;

3.      An order compelling Maid In Raleigh to transfer registration of the domain name www.maidinraleigh.com and any other domain names consisting of, in whole or in part, the Maid In Hoboken Trademark and Service Marks to Plaintiff;

4. An order compelling Maid In Raleigh to remove all signs, and to recall all copies of print media, press releases, promotions, or advertisements in Maid In Raleigh's control bearing the Maid In Hoboken Trademark and Service Marks, and all related goods and services and/or materials, pursuant to 15 U.S.C.A. § 1118;

5. An order directing any other relief that the court may deem appropriate to prevent the public from deriving any erroneous impression that any goods and services offered by Maid In Raleigh are authorized by Plaintiff or are in any way related to Plaintiff and Plaintiff's goods and services;

6. An order directing an accounting and judgment be rendered against Maid In Raleigh for:

i.   An award of profits received by Maid In Raleigh from its misuse of the Maid In Hoboken Trademark and Service Marks, as provided for in 15 U.S.C.A. § 1117;

j.   All profits received by Maid In Raleigh and all damages sustained by Plaintiff on account of Maid In Raleigh's false suggestion or connection with Plaintiff through the use of the Maid In Hoboken Trademark and Service Mark;

k.   An award of damages to Plaintiff for Maid In Raleigh's wrongful conduct,

16

including treble damages for Maid In Raleigh's intentional and willful conduct pursuant to 15 U.S.C.A. § 1117;

l.   An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C.A. § 1114.

7. Any other relief that the court finds just and equitable.

## COUNT FOUR

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

74.   Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 73 as if fully set forth herein.

75.   As set forth above, the GoDaddy Defendants are a domain name registrar and provide web-hosting and other business services.

76.   In or about 2013, Plaintiff acquired the domain name www.maidinhoboken.com from one or more of the GoDaddy Defendants.

77.   One or more of the GoDaddy Defendants also provided web-hosting services for Plaintiff's Website in or about 2013. In connection therewith, the GoDaddy Defendants were aware of the content and layout of Plaintiff's Website and had access to the Website.

78.   Upon information and belief, defendant Maid In Raleigh also acquired its domain name and other business services from one or more of the GoDaddy Defendants.

79.   Upon information and belief, one or more of the GoDaddy Defendants have provided web-hosting services to Maid In Raleigh.

80.   The GoDaddy Defendants knew or should have known through the reasonable exercise of due diligence that Defendant's marks violated Plaintiff's federally registered trademarks and service marks and Plaintiff's intellectual property rights and that, by allowing

17

Maid In Raleigh to register its domain name and operate a website engaged in infringing activities it would allow Defendant to deceive, confuse and misguide the public to believe that Maid In Raleigh's services were authorized by Plaintiff.

81.    Moreover, given the GoDaddy Defendants business with Plaintiff, they were in possession of information that should and would have alerted them to the trademark and service mark infringement and other violations of Plaintiff's intellectual property rights.

82.    Following Plaintiff's discovery of Maid In Raleigh's trademark and service mark infringement as aforesaid, Plaintiff notified the GoDaddy Defendants in writing of the same. See **Exhibit G.**

83.    As a result, the GoDaddy Defendants have been made aware that Maid In Raleigh is operating a website using a domain name it provided that is engaged in trademark and service mark infringement. To date, the GoDaddy Defendants have elected to do nothing.

84.    The GoDaddy Defendants owed a duty to Plaintiff, especially having provided services to Plaintiff on a prior occasion and having been notified of the infringing activities, to ensure that Plaintiff's intellectual property was not damaged and that Maid In Raleigh's actions did not cause injury.

85.    It was reasonably foreseeable to the GoDaddy Defendants that allowing Maid In Raleigh to register its domain name and operate a website engaged in infringing activities that it would injure Plaintiff and damage Plaintiff's good will, reputation, and profits.

86.    In failing to conform its conduct with this duty, the GoDaddy Defendants failed to exercise ordinary and reasonable care and acted negligently.

87.    Plaintiff suffered and is continuing to suffer economic losses because of the GoDaddy Defendants' above-described actions.

88.     The GoDaddy Defendants' negligence was the direct and proximate cause of the economic losses suffered by Plaintiff.

89.     Accordingly, Plaintiff is entitled to recover damages, in an amount to be proven at trial, to compensate plaintiff for the economic injury proximately caused by the GoDaddy Defendants' negligent conduct.

90.     Plaintiff has also suffered and continues to suffer irreparable and incalculable injury to its business reputation, good will, and to the integrity of its mark.

91.     Plaintiff's remedies at law cannot adequately compensate plaintiff for the ongoing injuries threatened by the GoDaddy Defendants' continuing negligent conduct.

WHEREFORE, Plaintiff seeks judgment against defendants M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, The GoDaddy Group, Inc. and GoDaddy.com, Inc., jointly and severally:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney's Fees, Costs and Expenses;

(d) Such other relief as the Court deems appropriate.

## COUNT FIVE

## COPYRIGHT INFRINGEMENT

92.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 91 as if fully set forth herein.

93.     Defendant Maid In Raleigh's actions as aforesaid amount to copyright infringement in violation of 17 U.S.C. § 501 et seq.

94.     By reason of the acts of Maid In Raleigh alleged here, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless Defendants are restrained from continuing its wrongful acts, the damage will be increased.

95.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the following relief against M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, jointly and severally:

1.     An order declaring that Maid In Raleigh's unauthorized conduct violates 17 U.S.C. § 501 et seq;

2.     An order permanently enjoining and restraining Maid In Raleigh and those in active concert and participation with Maid In Raleigh from infringing on Plaintiff's copyright;

3.     An order compelling Maid In Raleigh to take down its website and cease using the domain name www.maidinraleigh.com;

4.     Compensatory damages;

5.     Profits derived by the infringer as set forth under 17 U.S.C. § 504(a);

6.     Statutory damages as provided for under 17 U.S.C. § 504(c);

7.      Attorney's fees and costs provided for under 17 U.S.C. § 505.

8.      Such other relief as the Court deems necessary and just.

## COUNT SIX

### (CONVERSION)

96.      Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 95 as if fully set forth herein.

97.      At all relevant times, Plaintiff's federally registered trademark and service marks, Website and other intellectual property were the sole and exclusive property of Plaintiff to which it was entitled exclusive possession.

98.      At no time did Plaintiff authorize, permit or give a license to Maid In Raleigh to use Plaintiff's property as aforesaid.

99.      Maid In Raleigh has wrongfully interfered with Plaintiff's rights by unlawfully taking and exercising dominion and control over Plaintiff's intellectual property.

100.      Simply put, Maid In Raleigh has stolen Plaintiff's logo and the content, stolen the layout and creative design of Plaintiff's Website for the purpose of creating, using and maintaining its own website located at domain name www.maidinraleigh.com.

101.      As a result, Plaintiff has and continues to suffer injury and damage as a result of defendant Maid In Raleigh's willful acts. '

WHEREFORE, Plaintiff respectfully requests the following relief against M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, jointly and severally:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney's Fees, Costs and Expenses;

21

(d) Injunctive relief; and

(e) Such other relief as the Court deems appropriate.

## COUNT SEVEN

### (UNJUST ENRICHMENT)

102.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 101 as if fully set forth herein.

103.    At Plaintiff's expense, defendant Maid In Raleigh received a benefit from using Plaintiff's intellectual property.

104.    Upon information and belief, Maid In Raleigh profited from the use of Plaintiff's intellectual property as aforesaid in connection with the marketing, advertising and sale of its goods and services.

105.    It would be unjust for Maid In Raleigh to retain this benefit without paying for it.

106.    Unless enjoined by this Court, Maid In Raleigh's acts will continue to unjustly enrich Maid In Raleigh and substantially damage Plaintiff's reputation, goodwill, and valuable property rights in the Maid In Hoboken Trademark and Service Marks.

WHEREFORE, Plaintiff respectfully requests the following relief against M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, jointly and severally

(a) Restitution;

(b) Compensatory damages;

(c) Punitive damages;

(d) Attorney's Fees, Costs and Expenses;

(e) Injunctive relief; and

(f) Such other relief as the Court deems appropriate.

## COUNT EIGHT

## UNFAIR COMPETITION

107.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 to 106 as if fully set forth herein.

108.     Defendant Maid In Raleigh's acts constitute unfair competition in violation of the common law of the State of New Jersey.

109.     Unless enjoined by this Court, Maid In Raleigh's acts will continue to unjustly enrich Maid In Raleigh and substantially damage Plaintiff's reputation, goodwill, and valuable property rights in the Maid In Hoboken Trademark and Service Marks.

110.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the following relief against M.I.M.C. Janitorial, LLC, trading as Maid In Raleigh, jointly and severally:

(1) enjoining Maid In Raleigh from using the Maid In Hoboken Trademark and Service Mark in any form or any other design or mark confusingly similar thereto;

(2) directing Maid In Raleigh to deliver up all infringing in its possession or under its control that bear the Maid In Hoboken Trademark and Service Mark in any form or any other design or mark confusingly similar thereto;

(3) directing Maid In Raleigh to deliver up all catalogues, advertisements, and other materials bearing the Maid In Hoboken Trademark and Service Mark in any form or any other design or mark confusingly similar thereto;

(4) directing Maid In Raleigh to account to Plaintiff for any and all profits derived by Maid In Raleigh and all damages sustained by Plaintiff by reason of Maid In Raleigh's acts of infringement;

(5) awarding to Plaintiff compensatory damages in the sum of (i) three times the sum of

Maid In Raleigh's profits plus (ii) Plaintiff's damages, with interest thereon; and

(6) Awarding to Plaintiff its costs and disbursements of this action, including reasonable counsel fees, and granting to Plaintiff such other, further and different relief as the court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury as to all issues herein presented.

**MEYNER AND LANDIS LLP**
*Attorneys for Plaintiff*

By: ***/s/ Joseph R. McCarthy (JRM 6149)***
Joseph R. McCarthy

Dated: January 9, 2015

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, pursuant to R. 4:25-4, JOSEPH R. MCCARTHY, ESQ. is hereby designated as trial counsel on behalf of the Plaintiff, MAID IN HOBOKEN,LLC, T/A MAID IN HOBOKEN.

**MEYNER AND LANDIS LLP**
*Attorneys for Plaintiff*

By: ***/s/ Joseph R. McCarthy (JRM 6149)***
Joseph R. McCarthy

Dated: January 9, 2015

24

## CERTIFICATION PURSUANT TO RULE 4:5-1

In accordance with R. 4:5-1, to the best of my knowledge, information and belief, is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no such action or arbitration proceeding is contemplated. I further certify that to the best of my knowledge, information and belief no other party should be joined in this action. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MEYNER AND LANDIS LLP
*Attorneys for Plaintiff*

By: */s/ Joseph R. McCarthy (JRM 6149)*
Joseph R. McCarthy

Dated: January 9, 2015